Eric A. Welter, Bar No. 270591
  eaw@welterlaw.com
WELTER LAW FIRM, P.C.
20130 Lakeview Center Plaza, Suite 400
Ashburn, VA 20147
Telephone: (703) 435-8500
Facsimile: (703) 435-8851

Julie R. Trotter, Bar No. 209675
Mireya A. R. Llaurado, Bar No. 194882
CALL & JENSEN APC
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Telephone: (949) 717–3000
  jtrotter@calljensen.com
  llaudado@calljensen.com

Attorneys for Defendants
Western Refining Retail, LLC
and Speedway LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO GONZALEZ, an individual,<br><br>Plaintiff;<br><br>v.<br><br>WESTERN REFINING RETAIL, LLC; SPEEDWAY LLC; and DOES 1 to 20,<br><br>Defendants. | CASE NO. 5:23-cv-01995-SP<br><br>Assigned to:  Judge Sheri Pym<br><br>**STIPULATED PROTECTIVE ORDER** |

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure, and from use for any purpose other than prosecuting this litigation, may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery

WELTER LAW FIRM, P.C.
20130 LAKEVIEW CTR. PLAZA, STE 400
ASHBURN, VA 20147
(703) 435-8500

and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B. GOOD CAUSE STATEMENT

This Action is likely to involve trade secrets and other valuable research, development, commercial, financial, technical, proprietary, confidential, and/or private information for which special protection from public disclosure, and from use for any purpose other than prosecution of this Action, is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information prohibited from disclosure pursuant to a written agreement to maintain such information in confidence, and information otherwise generally unavailable to the public or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without

WELTER LAW FIRM, P.C.
20130 LAKEVIEW CTR. PLAZA, STE 400
ASHBURN, VA 20147
(703) 435-8500

a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1    Action: This above-entitled case styled *Mauricio Gonzalez v. Western Refining Retail et al.,* United States District Court for the Central District of California, Case No. 5:23-cv-01995-SP.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel: Outside Counsel of Record and House Counsel (and their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

WELTER LAW FIRM, P.C.
20130 LAKEVIEW CTR. PLAZA, STE 400
ASHBURN, VA 20147
(703) 435-8500

WELTER LAW FIRM, P.C.
20130 LAKEVIEW CTR. PLAZA, STE 400
ASHBURN, VA 20147
(703) 435-8500

2.9 <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the

WELTER LAW FIRM, P.C.
20130 LAKEVIEW CTR. PLAZA, STE 400
ASHBURN, VA 20147
(703) 435-8500

disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or slow the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

WELTER LAW FIRM, P.C.
20130 LAKEVIEW CTR. PLAZA, STE 400
ASHBURN, VA 20147
(703) 435-8500

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party:

1

        (i)    identify on the record, before the close of the deposition, hearing, or

2

other proceeding, all protected testimony, or

3

        (ii)   designate the entirety of the testimony at the deposition, hearing, or

4

other proceeding as "Confidential" (before the deposition, hearing, or proceeding is

5

concluded) with the right to identify more specific portions of the testimony as to which

6

protection is sought within 30 days following receipt of the deposition, hearing, or

7

proceeding transcript.  In this regard, counsel shall send written notice to the court

8

reporter, to counsel for the Parties, and to any other person known to have a copy of

9

said transcript of the specific portions of the testimony to be designated.  The notice

10

shall reference this Stipulated Protective Order and identify the pages and/or exhibits

11

designated as "CONFIDENTIAL."

12

        In circumstances where portions of the deposition, hearing, or proceeding

13

testimony are designated for protection, the transcript pages containing "Confidential"

14

information must be separately bound by the court reporter, who must affix to the top

15

of each page the legend "CONFIDENTIAL," as instructed by the Designating Party.

16

    (c)  for information produced in some form other than documentary and for any

17

other tangible items, that the Producing Party affix in a prominent place on the exterior

18

of the container or containers in which the information or item is stored the legend

19

"CONFIDENTIAL."  If only a portion or portions of the information or item warrant

20

protection, the Producing Party, to the extent practicable, shall identify the protected

21

portion(s).

22

    5.3   <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate

23

qualified information or items does not, standing alone, waive the Designating Party's

24

right to secure protection under this Order for such material so long as written notice of

25

the inadvertent failure to designate is provided within 60 days of discovery by

26

Designating Party of inadvertent failure to designate.  Upon timely correction of a

27

designation, the Receiving Party must make reasonable efforts to assure that the

28

material is treated in accordance with the provisions of this Order.  This provision is not

WELTER LAW FIRM, P.C.
20130 LAKEVIEW CTR. PLAZA, STE 400
ASHBURN, VA 20147
(703) 435-8500

1   intended to apply to any inadvertent production of any information or items protected
2   by attorney-client or work product privileges.  No provision in this Order shall affect a
3   Party's right to object to the designation of any document or other material as
4   "CONFIDENTIAL" on any ground that is available under applicable law.

6   6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

7        6.1   Timing of Challenges.   Any Party or Non-Party may challenge a
8   designation of confidentiality at any time that is consistent with the Court's Scheduling
9   Order.  Unless a prompt challenge to a Designating Party's confidentiality designation
10  is necessary to avoid foreseeable, substantial unfairness, unnecessary economic
11  burdens, or a significant disruption or delay of the litigation, a Party does not waive its
12  right to challenge a confidentiality designation by electing not to mount a challenge
13  promptly after the original designation is disclosed.

14       6.2   Meet and Confer.   The Challenging Party shall initiate the dispute
15  resolution process under Local Rule 37.1 et seq.

16       6.3   Judicial Intervention.   Should the dispute resolution process be
17  unsuccessful, although Challenging Party will move to have the "CONFIDENTIAL"
18  designation removed from the Protected Material, the burden of persuasion in any such
19  motion proceeding shall be on the Designating Party.  Frivolous challenges, and those
20  made for an improper purpose (e.g., to harass or impose unnecessary expenses and
21  burdens on other parties) may expose the Challenging Party to sanctions.  Unless the
22  Designating Party has waived or withdrawn the confidentiality designation, or unless
23  the Designating Party agrees to de-designate the challenged Protected Materials, all
24  Parties shall continue to afford the material in question the level of protection to which
25  it is entitled under the Producing Party's designation until the Court rules on the
26  challenge.

27

28

WELTER LAW FIRM, P.C.
20130 LAKEVIEW CTR. PLAZA, STE 400
ASHBURN, VA 20147
(703) 435-8500

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this litigation, and not for any business or other purpose whatsoever.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, agents, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have been advised of the "Confidential" designation. ;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

WELTER LAW FIRM, P.C.
20130 LAKEVIEW CTR. PLAZA, STE 400
ASHBURN, VA 20147
(703) 435-8500

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  any deposition, proceeding, or hearing witness who previously has had access to the "CONFIDENTIAL" Information or who is currently or was previously an officer, director, employee or agent of an entity that has had access to the "CONFIDENTIAL" Information;

(i)  during their depositions, witnesses, and attorneys for witnesses, in the Action who previously did not have access to the "CONFIDENTIAL" Information, provided that: (1) disclosure is reasonably necessary, (2) the deposing party requests that the witness and the attorney for the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (3) the witness and the attorney for the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

(j)  any mediator, third-party neutral, or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(k)  any other person or entity that Designating Party agrees to in writing.

Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or unless contrary to law.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated by a Non-Party or Party as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Any such designation shall also function as consent by such producing Non-Party to the authority of the Court in the Action to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

WELTER LAW FIRM, P.C.
20130 LAKEVIEW CTR. PLAZA, STE 400
ASHBURN, VA 20147
(703) 435-8500

WELTER LAW FIRM, P.C.
20130 LAKEVIEW CTR. PLAZA, STE 400
ASHBURN, VA 20147
(703) 435-8500

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection as trial-preparation material, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification or additional relief by the Court in the future.  This Order shall not be construed to preclude either Party from asserting in good faith that certain

"CONFIDENTIAL" Information or Items require additional protection.  The Parties shall meet and confer to agree upon the terms of such additional protection.

12.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with standards imposed by the Local Rules.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Receiving Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the Court.

12.4   Waiver of Designating Party.  This Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Order to any "CONFIDENTIAL" Information or Items designated by that Party.

12.5   Previously Produced Documents.  The Parties agree to be bound by the terms set forth herein with regard to any "CONFIDENTIAL" information or items that have been produced before the Court signs this Order.  In the event that the Court modifies this Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Order until such time as the Court may enter such a different Order.

WELTER LAW FIRM, P.C.
20130 LAKEVIEW CTR. PLAZA, STE 400
ASHBURN, VA 20147
(703) 435-8500

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this Action, as defined in paragraph 4, and only upon written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material no later than 60 days after Designating Party's written request. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline if requested at that time by Producing Party that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).  To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Order, even after final disposition of the Action.

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

WELTER LAW FIRM, P.C.
20130 LAKEVIEW CTR. PLAZA, STE 400
ASHBURN, VA 20147
(703) 435-8500

1   DATED: March 25, 2024     LAW OFFICES OF SANDRA H. CASTRO, INC.

2

3                            By:    /s/ Sandra H. Castro

4                                 Sandra H. Castro
                                   Kathleen A. Juarez

5                                 Attorneys for Plaintiff

6

7   DATED: March 25, 2024     LAW OFFICES OF KRISTEN BROWN

8

9                            By:    /s/ Kristen Brown

10                                Kristen Brown
                               Attorney for Plaintiff

11

12  DATED: March 25, 2024     WELTER LAW FIRM, P.C.

13

14                          By:    /s/ Eric A. Welter

15                                Eric A. Welter

16                                Attorney for Defendants Western Refining
                               Retail, LLC and Speedway LLC

17

18  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

19

20

21  DATED: March 27, 2024

22

23  By:

24     Sheri Pym
     United States Magistrate Judge

25

26

27

28

WELTER LAW FIRM, P.C.
20130 LAKEVIEW CTR. PLAZA, STE 400
ASHBURN, VA 20147
(703) 435-8500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WELTER LAW FIRM, P.C.
20130 LAKEVIEW CTR. PLAZA, STE 400
ASHBURN, VA 20147
(703) 435-8500

## **EXHIBIT A**
## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Mauricio Gonzalez v. Western Refining Retail et al.,* United States District Court for the Central District of California, Case No. 5:23-cv-01995-SP.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____, of _____ [print or type full address] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER